MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
JUVENTINO GALEANA SANCHEZ and
VICTOR GALEANA SANCHEZ, *individually*
*and on behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiffs*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b) AND RULE 23 CLASS ACTION** |
| VENKY'S FOOD CORP.  (D/B/A OM REAL INDIAN FOOD RESTAURANT) and RITA SABHARWAL, | **ECF Case** |
| *Defendants.* | |

-------------------------------------------------------X

Plaintiffs Juventino Galeana Sanchez and Victor Galeana Sanchez, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against Venky's Food Corp. (d/b/a Om Real Indian Food Restaurant), ("Defendant Corporation") and Rita Sabharwal, ("Individual Defendant"), (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1.      Plaintiffs are former employees of Defendants Venky's Food Corp. (d/b/a Om Real Indian Food Restaurant) and Rita Sabharwal.

2.       Defendants own, operate, or control an Indian Restaurant, located at 1593 2nd Avenue, New York, New York 10028 under the name "Om Real Indian Food Restaurant".

3.      Upon information and belief, individual Defendant Rita Sabharwal, serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the restaurant as a joint or unified enterprise.

4.      Plaintiffs were employees of Defendants.

5.      Plaintiffs were employed as delivery workers at the restaurant located at 1593 2nd Avenue, New York, New York 10028.

6.      Plaintiffs were ostensibly employed as delivery workers. However, they were required to spend a considerable part of their work day performing non-tipped duties, including but not limited to preparing sauces, taking out the trash, cleaning the floor, sweeping, mopping, cleaning the bathrooms, assisting in the kitchen, preparing the deliveries, stocking, preparing food stations, cleaning windows, cleaning stairs, dishwashing and bringing products from the basement to the restaurant (hereafter the "non-tipped duties").

7.      At all times relevant to this Complaint, Plaintiffs worked for Defendants without appropriate minimum wage compensation for the hours that they worked.

8.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs at the straight rate of pay for any hours worked,.

9.      Furthermore, Defendants repeatedly failed to pay Plaintiffs wages on a timely basis.

10.     Defendants employed and accounted for Plaintiffs as delivery workers in their payroll, but in actuality their duties required a significant amount of time spent performing the non-tipped duties alleged above.

11.     Regardless, at all relevant times, Defendants paid Plaintiffs at a rate that was lower than the required tip-credit rate.

12.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

13.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiffs' actual duties in payroll records by designating them as delivery workers instead of non-tipped employees. This allowed Defendants to avoid paying Plaintiffs at the minimum wage rate and enabled them to pay them at the lower tip-credit rate (which they still failed to do).

14.     Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

15.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work  without providing the minimum wage compensation required by federal and state law and regulations.

16.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

17.     Plaintiffs seek certification of this action as a class action under Rule 23 and seek certification of this action as a collective action on behalf of themselves individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

19.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an Indian Restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES
### *Plaintiffs*

20.      Plaintiff Juventino Galeana Sanchez ("Plaintiff Sanchez" or "Mr. Sanchez") is an adult individual residing in Bronx County, New York.

21.      Plaintiff Sanchez was employed by Defendants at Om Real Indian Food Restaurant from approximately March 2015 until on or about August 2017.

22.      Plaintiff Victor Galeana Sanchez ("Plaintiff Galeana" or "Mr. Galeana") is an adult individual residing in Bronx County, New York.

23.      Plaintiff Galeana was employed by Defendants at Om Real Indian Food Restaurant from approximately June 2012 until on or about May 2013 and from approximately July 2014 until on or about January 26, 2018.

### *Defendants*

24.      At all relevant times, Defendants own, operate, or control an Indian Restaurant, located at 1593 2nd Avenue, New York, New York 10028 under the name "Om Real Indian Food Restaurant".

25.      Upon information and belief, Venky's Food Corp. (d/b/a Om Real Indian Food Restaurant) is a domestic corporation organized and existing under the laws of the State of New

York. Upon information and belief, it maintains its principal place of business at 1593 2nd Avenue, New York, New York 10028.

26.    Defendant Rita Sabharwal is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Rita Sabharwal is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Rita Sabharwal possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

27.    Defendants operate an Indian Restaurant located in the Upper East Side section of Manhattan in New York City.

28.    Individual Defendant, Rita Sabharwal, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

29.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

30.    Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

31.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

32.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

33.     Upon information and belief, Individual Defendant Rita Sabharwal operates Defendant Corporation as either an alter ego of herself and/or fails to operate Defendant Corporation as an entity legally separate and apart from herself, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for her own benefit as the sole or majority shareholder,

e)  operating Defendant Corporation for her own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of her own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect her own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

34.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

35.    In each year from 2012 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

36.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

37.    Plaintiffs are former employees of Defendants who were employed as delivery workers. However, they spent over 20% of each shift performing the non-tipped duties described above.

38.    Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Juventino Galeana Sanchez*

39.    Plaintiff Sanchez was employed by Defendants from approximately March 2015 until on or about August 2017.

40.    Defendants ostensibly employed Plaintiff Sanchez as a delivery worker.

41.    However, Plaintiff Sanchez was also required to spend a significant portion of his work day performing the non-tipped duties described above.

42.     Although Plaintiff Sanchez ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

43.     Plaintiff Sanchez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

44.     Plaintiff Sanchez's work duties required neither discretion nor independent judgment.

45.     From approximately March 2015 until on or about August 2017, Plaintiff Sanchez worked as a delivery worker from approximately 5:00 p.m. until on or about 10:30 p.m., four days a week and from approximately 5:00 p.m. until on or about 11:00 p.m., two days a week (typically 34 hours per week).

46.     From approximately March 2015 until on or about August 2016, Defendants paid Plaintiff Sanchez his wages in cash.

47.     From approximately September 2016 until on or about August 2017, Defendants paid Plaintiff Sanchez his wages by personal check.

48.     From approximately March 2015 until on or about August 2017, Defendants paid Plaintiff Sanchez $16.00 per day.

49.     Plaintiff Sanchez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

50.     For example, Defendants required Plaintiff Sanchez to work an additional 30 minutes past his scheduled departure time two days a week, and did not pay him for the additional time he worked.

51.     Defendants never granted Plaintiff Sanchez any breaks or meal periods of any kind.

52.    Plaintiff Sanchez was never notified by Defendants that his tips were being included as an offset for wages.

53.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Sanchez's wages.

54.    Plaintiff Sanchez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

55.    Defendants required Plaintiff Sanchez to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

56.    Specifically, it was a notebook that only had Plaintiff Sanchez's name on a page.

57.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Sanchez regarding overtime and wages under the FLSA and NYLL.

58.    Defendants did not provide Plaintiff Sanchez an accurate statement of wages, as required by NYLL 195(3).

59.    Defendants did not give any notice to Plaintiff Sanchez, in English and in Spanish (Plaintiff Sanchez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

60.    Defendants required Plaintiff Sanchez to purchase "tools of the trade" with his own funds—including one bicycle, bicycle maintenance, a helmet, a vest, a chain and lock, and thermal clothing.

*Plaintiff Victor Galeana Sanchez*

61.    Plaintiff Galeana was employed by Defendants from approximately June 2012 until on or about May 2013 and from approximately July 2014 until on or about January 26, 2018.

62.    Defendants ostensibly employed Plaintiff Galeana as a delivery worker.

63.    However, Plaintiff Galeana was also required to spend a significant portion of his work day performing the non-tipped duties described above.

64.    Although Plaintiff Galeana ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

65.    Plaintiff Galeana regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

66.    Plaintiff Galeana's work duties required neither discretion nor independent judgment.

67.    From approximately June 2012 until on or about May 2013, Plaintiff Galeana worked as a delivery worker from approximately 5:00 p.m. until on or about 10:30 p.m., four days a week and from approximately 5:00 p.m. until on or about 11:00 p.m., one day a week (typically 28 hours per week).

68.    From approximately July 2014 until on or about January 26, 2018, Plaintiff Galeana worked as a delivery worker from approximately 5:00 p.m. until on or about 10:30 p.m., two days a week and from approximately 5:00 p.m. until on or about 11:00 p.m., one day a week (typically 17 hours per week).

69.    From approximately June 2012 until on or about May 2013, Defendants paid Plaintiff Galeana his wages in cash.

70.    From approximately July 2014 until on or about January 26, 2018, Defendants paid Plaintiff Galeana his wages by personal check.

71.    From approximately June 2012 until on or about January 26, 2018, Defendants paid Plaintiff Galeana $20 per day.

72.     Plaintiff Galeana's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

73.     For example, Defendants required Plaintiff Galeana to work an additional 30 minutes past his scheduled departure time once a week, and did not pay him for the additional time he worked.

74.     Defendants never granted Plaintiff Galeana any breaks or meal periods of any kind.

75.     Plaintiff Galeana was never notified by Defendants that his tips were being included as an offset for wages.

76.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Galeana's wages.

77.     Plaintiff Galeana was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

78.     Defendants required Plaintiff Galeana to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

79.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Galeana regarding overtime and wages under the FLSA and NYLL.

80.     Defendants did not provide Plaintiff Galeana an accurate statement of wages, as required by NYLL 195(3).

81.     Defendants did not give any notice to Plaintiff Galeana, in English and in Spanish (Plaintiff Galeana's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

82.     Defendants required Plaintiff Galeana to purchase "tools of the trade" with his own funds—including one chain, one lock, a bicycle, one helmet, and thermal clothing.

*Defendants' General Employment Practices*

83.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work without paying them appropriate minimum wage as required by federal and state laws.

84.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

85.     Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

86.     Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

87.     Defendants required Plaintiffs and all delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers. These Plaintiffs and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-tipped duties.

88.     These Plaintiffs and all other tipped workers were paid at a rate that was lower than the required lower tip-credit rate by Defendants.

89.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and these Plaintiffs' non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

90.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

91.     Plaintiffs' and other delivery workers' duties were not incidental to their occupation as tipped workers, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

92.     In violation of federal and state law as codified above, Defendants classified these Plaintiffs and other tipped workers as tipped employees, and paid them at a rate that was lower than the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

93.     Defendants failed to inform Plaintiffs who received tips that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

94.     Defendants failed to inform Plaintiffs who received tips, that their tips were being credited towards the payment of the minimum wage.

95.     Defendants failed to maintain a record of tips earned by Plaintiffs who worked as delivery workers for the tips they received.

96.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

97.     Defendants' time keeping system did not reflect the actual hours that Plaintiffs worked.

98.     Defendants required Plaintiffs to sign a document the contents of which they were not allowed to review in order to release their wages.

99.     Plaintiffs were paid their wages in cash and then personal check.

100.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

101.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

102.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

103.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

104.     Defendants failed to provide Plaintiffs and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

105.     Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

106.     Plaintiffs bring their FLSA minimum wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Defendants (the "FLSA and Rule 23 Class Period").

107.     At all relevant times, Plaintiffs and other members of the Rule 23 and FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and willfully failing to keep records required by the FLSA.

108.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

109.     Plaintiffs sue on their own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

110.    Plaintiffs bring their New York Labor Law minimum wage, wage deduction and liquidated damages claims on behalf of all persons who were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiffs, are referred to herein as the "Class."

111.    The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

112.    There are questions of law and fact common to the Class including:

a)  What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b)  What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c)  What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d)  Whether Defendants failed and/or refused to pay Plaintiffs the minimum wage within the meaning of the New York Labor Law;

e)  Whether Defendants improperly deducted "shorts" from the Plaintiffs' wages;

f)  At what common rate, or rates subject to common methods of calculation, were Defendants required to pay the class members for their work; and

g) What were the common conditions of employment and in the workplace, such as recordkeeping, clock- in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

113. The claims of the representative parties are typical of the claims of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiffs were and are typical of those of class members.

114. The representative parties will fairly and adequately protect the interests of the Class and had no interests antagonistic to the class. The Named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

115. The common questions of law and fact predominate over questions affecting only individual members.

116. A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

117. Defendants acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

118.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

119.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA and Rule 23 class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

120.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

121.    Defendants constituted an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

122.    In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiffs (and the FLSA and Rule 23 class members), at the applicable minimum hourly rate.

123.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

124.    Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

125.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

126.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire

Plaintiffs (and the FLSA and Rule 23 class members), controlled their terms and conditions of employment, and determined the rates and methods of any compensation in exchange for their employment.

127.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs (and the FLSA and Rule 23 class members) less than the minimum wage.

128.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 class members) the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

129.    Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## **THIRD CAUSE OF ACTION**

### **VIOLATION OF THE NOTICE AND RECORDKEEPING**

### **REQUIREMENTS OF THE NEW YORK LABOR LAW**

130.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

131.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

132.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

133.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

134.    With each payment of wages, Defendants failed to provide Plaintiffs (and the FLSA and Rule 23 class members) with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay and the number of regular hours worked, as required by NYLL 195(3).

135.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

136.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

137.    Defendants required Plaintiffs (and the FLSA and Rule 23 class members) to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, such as bicycles and helmets, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

138.    Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

139.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

140.    Defendants did not pay Plaintiffs on a regular weekly basis, in violation of NYLL §191.

141.    Defendants are liable to each Plaintiff in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 class members;

(c)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA and Rule 23 class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs and the FLSA and Rule 23 class members;

(e)    Awarding Plaintiffs and the FLSA and Rule 23 class members damages for the

amount of unpaid minimum wages  and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)    Awarding Plaintiffs and the FLSA and Rule 23 class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs (and the FLSA and Rule 23 class members);

(h)    Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiffs (and the FLSA and Rule 23 class members);

(i)    Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' (and the FLSA and Rule 23 class members) compensation, hours, wages and any deductions or credits taken against wages;

(j)    Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiffs (and the FLSA and Rule 23 class members);

(k)    Awarding Plaintiffs and the FLSA and Rule 23 class members damages for the amount of unpaid minimum wages, and for any improper deductions or credits taken against wages, under the NYLL, as applicable;

(l)    Awarding Plaintiffs and the FLSA and Rule 23 class members damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)    Awarding Plaintiffs and the FLSA and Rule 23 class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wages shown

- 22 -

to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n)    Awarding Plaintiffs and the FLSA and Rule 23 class members pre-judgment and post-judgment interest as applicable;

(o)    Awarding Plaintiffs and the FLSA and Rule 23 class members the expenses incurred in this action, including costs and attorneys' fees;

(p)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)    All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
      March 2, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:        /s/ Michael Faillace
             Michael Faillace [MF-8436]
             60 East 42nd Street, Suite 4510
             New York, New York 10165
             Telephone: (212) 317-1200
             Facsimile: (212) 317-1620
             *Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 13, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Juventino Galeana Sanchez

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                    13 de Febrero, 2018

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                    Telephone: (212) 317-1200
New York, New York 10165                                    Facsimile: (212) 317-1620
————

Faillace@employmentcompliance.com

February 7, 2018

BY HAND


TO:    Clerk of Court,


I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**


Name / Nombre:                         Victor Galeana-Sanchez

Legal Representative / Abogado:        Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                          7 de febrero 2018


*Certified as a minority-owned business in the State of New York*