USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/17/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

JUVENTINO GALEANA SANCHEZ and
VICTOR GALEANA SANCHEZ, *individually and on behalf of others similarly situated*,

                     Plaintiffs,

-v-

VENKY'S FOOD CORP., *d/b/a* OM REAL INDIAN FOOD RESTAURANT, and RITA SABHARWAL,

                     Defendant.
----------------------------------------------------------X

18-CV-1916 (RA)

MEMORANDUM OPINION
AND ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiffs Juventino Galeana Sanchez and Victor Galeana Sanchez (collectively, "Plaintiffs") bring this action against Defendant Venky's Food Corporation ("Defendant"), for alleged violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").\* Before the Court is the parties' application for approval of a settlement agreement. For the reasons that follow, the Court cannot approve the settlement agreement so long as it contains its existing release provision.

## BACKGROUND

Plaintiffs are former delivery workers for Defendant. *See* Fairness Letter at 2. They contend that Plaintiff Sanchez was employed by Defendant from approximately March 2015 until August 2017, and typically worked 34 hours per week for $16.00 per day. *See id.* They further

---

    \*On June 29, 2018, Plaintiffs voluntarily dismissed this action without prejudice as against Defendant Rita Sabharwal. *See* Dkt. 24.

contend that Plaintiff Galeana was employed by Defendant from approximately June 2012 until May 2013, and then from approximately July 2014 until January 26, 2018, and typically worked 17 to 28 hours per week for $20.00 per day. *See id.* Defendant disputes that Plaintiffs worked the amount of hours alleged, their purported dates of employment, and their claimed rates of pay. *See id.*

On March 2, 2018, Plaintiffs initiated this action against Defendant. In their complaint, Plaintiffs asserted various violations of the FLSA and NYLL, alleging that they were not paid the requisite minimum hourly rate, were not provided with notice of their pay rate, and were not reimbursed for their equipment costs. *See id.* at 18-23.

The parties proceeded to mediation in the Southern District of New York on June 12, 2018. *See* Dkt. 18. On June 28, 2018, the parties notified the Court by letter that they had reached a settlement in principle. *See* Dkt. 22. The parties subsequently submitted a joint letter requesting that the Court approve a Settlement Agreement of $65,000 and, the following day, filed a proposed stipulation and order of dismissal of this case with prejudice. *See* Dkts. 28, 29.

## LEGAL STANDARD

"To promote FLSA's purpose of ensuring 'a fair day's pay for a fair day's work,' a settlement in a FLSA case must be approved by a court or the Department of Labor." *Hyun v. Ippudo USA Holdings*, No. 14-CV-8706 (AJN), 2016 WL 1222347, at *1 (S.D.N.Y. Mar. 24, 2016) (quoting *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015)). To obtain approval, the parties must demonstrate that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15-CV-1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) (citation omitted). "A fair settlement must reflect a reasonable compromise of disputed issues rather than

a mere waiver of statutory rights brought about by an employer's overreaching." *Chauca v. Abitino's Pizza 49th St. Corp.*, No. 15-CV-06278 (BCM), 2016 WL 3647603, at *1 (S.D.N.Y. June 29, 2016) (quoting *Mamani v. Licetti*, No. 13-CV-7002 (KMW), 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014))). "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) Plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

## DISCUSSION

Below, the Court addresses these aspects of the proposed settlement agreement: (1) the settlement amount, (2) the attorneys' fees provision, and (3) the release provision. The Court finds that the settlement amount and the attorneys' fees provision are fair and reasonable but the Court cannot approve the settlement agreement so long as it contains the existing release provision.

### A. Settlement Amount

In general, "there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Martinez v. SJG Foods LLC*, No. 16-CV-7890 (RA), 2017 WL 4676828, at *1 (S.D.N.Y. Oct. 16, 2017) (quoting *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013)). Under the proposed settlement agreement, Defendant agrees to pay Plaintiffs $65,000 in exchange for release of their claims in the instant action. *See* Fairness Letter at 2.

3

Plaintiffs estimate that they would be entitled to a maximum recovery of approximately $54,591.50 in unpaid wages. *See id.* Defendant estimates that, even if Plaintiffs were to succeed on their claims, the maximum amount that they could recover based on their time records would be $15,619.45. *See id.*

Under the circumstances of this case, a settlement of $65,000 is fair and reasonable. Although Plaintiffs' recovery is higher than what they assert that they would receive if they were successful at trial on their unpaid wages claim, this recovery does not take into account liquidated damages and any potential recovery on their other claims. *See* Compl. at 19-21 (alleging violations of the NYLL notice and recordkeeping requirements, wage statement provisions, and timely payment provisions, as well as demanding the recovery of equipment costs). Consequently, the settlement amount is fair and reasonable. *Cf. Beckert v. Ronirubinov*, No. 15-CV-1951 (PAE), 2015 WL 8773460, at *2 (S.D.N.Y. Dec. 14, 2015) (approving a settlement of approximately 25 percent of the maximum possible recovery). Moreover, the settlement appears to have been the "product of arm's-length bargaining between experienced counsel" with no evidence of "fraud or collusion." *Wolinsky*, 900 F. Supp. 2d at 335.

### B. Attorneys' Fees

The Court also approves the attorneys' fees and costs set forth in the Fairness Letter. *See* Fairness Letter at 3-4. "In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung*, 226 F. Supp. 3d at 229–30. When using a "percentage of the fund" approach, "courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015). According to the fairness letter, Plaintiffs will receive $43,333.35 and their attorneys will receive $21,666.65. *See* Fairness Letter at 4-5. Because the attorneys' fee

award is exactly one-third (33.33%) of the net settlement amount, the Court concludes it is reasonable as a fair percentage of the net award.

### C. Release Provision

As part of the settlement agreement, the parties are required to waive essentially all claims that they have or may have against one another. *See* Settlement Agreement ¶¶ 1-2. Such a provision is "too sweeping to be 'fair and reasonable' and so must be rejected." *Flood v. Carlson Restaurants Inc.*, No. 14-CV-2740 (AT) (GWG), 2015 WL 4111668, at *2 (S.D.N.Y. Jul. 6, 2015). "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, No. 16-CV-1795 (PAE), 2016 WL 7177510, at *1 (S.D.N.Y. Dec. 8, 2016) (quoting *Lopez v. Nights of Cabiria*, LLC, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). "For this reason, "[a] number of judges in this District refuse to approve any FLSA settlement unless the release provisions are 'limited to the claims at issue in [that] action.'" *Cionca v. Interactive Realty*, LLC, No. 15-CV-5123 (BCM), 2016 WL 3440554, at *3 (S.D.N.Y. June 10, 2016) (quoting *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015)).

Here, the release provision is not limited to the claims at issue in this action. Rather, this provision releases and discharges "any and all known and unknown claims, complaints, causes of action..." that the parties may "have, had, or hereafter can have against" one another "from the beginning of time to the date of [the settlement] Agreement." *See* Settlement Agreement ¶¶ 1-2. This release is overbroad and must be stricken. *See Lazaro-Garcia*, 2015 WL 9162701, at *2 (finding that an agreement requiring plaintiff "to waive essentially all claims that may have arisen out of his employment with Defendants" was not fair and reasonable); *Larrea v. FPC Coffees*

*Realty Co.*, Inc., No. 15-CV-1515 (RA), 2017 WL 1857246, at *3 (S.D.N.Y. May 5, 2017) (rejecting an agreement with a release provision that required "Plaintiffs to waive virtually any claim, of any type, in existence now or in the future, against Defendants or any possibly related entity").

Nor can this release provision be salvaged because it is mutual. Although some courts in this District have approved sweeping release provisions on the basis of their mutuality, *see, e.g.*, *Cionca v. Interactive Realty*, LLC, No. 15-CV-05123 (BCM), 2016 WL 3440554, at *4 (S.D.N.Y. June 10, 2016), this Court has expressly declined to do so, "'absent a sound explanation for how this broad release benefits the plaintiff employee,'" *see Larrea*, 2017 WL 1857246, at *3 (quoting *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229 (S.D.N.Y. 2016)). The Court therefore will not approve the settlement agreement so long as it contains the existing release provision.

## CONCLUSION

For the reasons stated above, the Court will not approve the parties' settlement agreement with the existing release provision. The parties may proceed as follows no later than January 4, 2019:

1. The parties may file a revised settlement agreement that does not include the release provision;

2. The parties may file a joint letter indicating their intention to abandon the settlement agreement and continue pursuing this litigation; or

3. The parties may stipulate to a dismissal of this action without prejudice, as the Second Circuit has not expressly held that such settlement agreements require court approval. *See*

6

*Cheeks*, 796 F.3d at 201 n.2.

    SO ORDERED.

    Dated: December 17, 2018
          New York, New York

_____
Ronnie Abrams
United States District Judge