## AMENDED SETTLEMENT AND RELEASE AGREEMENT

This Amended Settlement and Release Agreement (the "Agreement") is entered into by and among Plaintiffs Juventino Galeana Sanchez and Victor Galeana Sanchez (collectively the "Plaintiffs") on the one hand, and Venky's Food Corp. (d/b/a Om Real Indian Food Restaurant) ("Venky's Food Corp."), and Subhash Chilka ("Chilka"), on the other hand.

**WHEREAS**, Plaintiffs commenced an action against Venky's Food Corp. and Rita Sabharwal in the United States District Court for the Southern District of New York (the "Court"), bearing docket no. 18-cv-01916 (RA) (the "Action") by filing a Complaint on March 2, 2018 (the "Complaint") alleging violations of the Fair Labor Standards Act (the "FLSA") and New York Labor Law (the "NYLL");

**WHEREAS**, Venky's Food Corp. timely filed an Answer to the Complaint on May 11, 2018, and denies Plaintiffs' allegations;

**WHEREAS**, Chilka is an owner of Venky's Food Corp.;

**WHEREAS**, on June 12, 2018, Plaintiffs and Venky's Food Corp. engaged in a Court-Ordered mediation with mediator Giulio Zanolla, Esq. at which an agreement in principle was reached to settle the Action;

**WHEREAS**, Plaintiffs, Venky's Food Corp., and Chilka (collectively the "Parties") desire to resolve all disputes between them without the necessity of further litigation;

**WHEREAS**, in a Memorandum Opinion and Order dated December 17, 2018, the Honorable Ronnie Abrams of the Court found the Settlement Amount (as defined below) to be "fair and reasonable" but did not approve the initial Settlement and Release Agreement that was filed by the Parties for approval;

**WHEREAS**, this Agreement constitutes a reasonable compromise of Plaintiffs' claims and Venky's Food Corp.'s defenses and of the bona fide dispute between the Parties;

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1.      In consideration of the payment to Plaintiffs collectively by Venky's Food Corp. and Chilka of the gross sum of Sixty Five Thousand Dollars and Zero Cents ($65,000.00) (the "Settlement Amount"), Juventino Galeana Sanchez and Victor Galeana Sanchez hereby release and forever discharge Venky's Food Corp., d/b/a OM Real Indian Food Restaurant and Subhash Chilka, each of Venky's Food Corp.'s current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, and agents, each of Subhash Chilka's heirs, executors, administrators, agents, successors, and assigns, as well as anyone employed by Venky's Food Corp., anyone deemed by any of the Plaintiffs to be an "employer" during their employment with Venky's Food Corp., and Venky's Food Corp.'s predecessors, successors, parent companies, holding companies, and subsidiaries (all said individuals and entities referenced above are, with Venky's Food Corp. and Subhash Chilka, hereinafter collectively referred to jointly and severally as "Releasees"), from any and all known and unknown claims, complaints, causes of action, lawsuits, demands, back-wages, benefits, attorneys' fees, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which Plaintiffs, their heirs, executors, administrators, agents, successors, and assigns have, had, or hereafter can have against any of the Releasees from the beginning of time to the date of this Agreement for claims arising under the Fair Labor Standards Act, New York Labor Law, or any other law, regulation, or ordinance regulating the payment of wages, including but not limited to, all claims set forth in the Action, all claims of unpaid

compensation, unpaid minimum wage, unpaid overtime, unpaid commissions, unpaid bonuses, unpaid tips, improper deductions, unpaid spread of hours, unpaid fringe benefits (including any vacation, paid time off, and sick pay), unpaid deferred payment, unpaid accrued benefit time, liquidated damages, unpaid reimbursement of equipment cost, statutory penalties (including all alleged damages or penalties due to improper wage notices, improper wage statements, and/or timely payment provisions). This Release shall include, without limitation, any and all claims alleged by Plaintiffs in this Action.

2.      The Parties agree to execute a "Joint Stipulation for Dismissal with Prejudice," in the form annexed hereto as **Exhibit A,** which will be filed with the Court along with the Joint Motion for Approval of the Settlement Agreement within seven (7) days after the following conditions are met: (a) Venky's Food Corp's counsel receives a duly executed Agreement signed and notarized by each of the Plaintiffs; (b) Venky's Food Corp.'s counsel receives a completed IRS Form W-4 for each of the Plaintiffs; (c) Venky's Food Corp.'s counsel receives a completed IRS Form W-9 for each of the Plaintiffs; (d) Venky's Food Corp.'s counsel receives a completed IRS Form W-9 for Plaintiffs' counsel; and (e) Venky's Food Corp.'s counsel receives a "Joint Stipulation for Dismissal with Prejudice" signed by Plaintiffs' counsel.

3.      The Parties agree that the Settlement Amount shall be paid as follows:

(a)      Within thirty (30) days of the date the Court approves of the terms of settlement and "So Orders" the "Joint Stipulation of Dismissal with Prejudice," Venky's Food Corp. and Chilka shall pay the first installment of the Settlement Amount by issuing:

i.   One (1) check payable to "Juventino Galeana Sanchez" in the gross amount of One Thousand One Hundred and Eleven Dollars and Twelve Cents ($1,111.12), less all applicable tax withholdings and deductions,

representing payment for Juventino Galeana Sanchez's alleged unpaid wages.

ii.  One (1) check payable to "Juventino Galeana Sanchez" in the total amount of Two Thousand Two Hundred and Twenty Two Dollars and Twenty Five Cents ($2,222.25), representing payment for Juventino Galeana Sanchez's alleged liquidated damages;

iii. One (1) check payable to "Victor Galeana Sanchez" in the gross amount of One Thousand One Hundred and Eleven Dollars and Thirteen Cents ($1,111.13), less all applicable tax withholdings and deductions, representing payment for Victor Galeana Sanchez's alleged unpaid wages.

iv.  One (1) check payable to "Victor Galeana Sanchez" in the gross amount of Two Thousand Two Hundred and Twenty Two Dollars and Twenty Five Cents ($2,222.25), representing payment for Victor Galeana Sanchez's alleged liquidated damages; and

v.  One (1) check payable to "Michael Faillace & Associates, P.C." in the total amount of Three Thousand Three Hundred and Thirty Three Dollars and Thirty Five Cents ($3,333.35), representing payment of Plaintiffs' attorneys' fees and costs.

vi.  All payments under this paragraph 3(a) shall be delivered to Plaintiffs' counsel, via overnight delivery for immediate deposit, at their offices located at 60 East 42nd Street, Suite 4510, New York, New York 10165, and shall be deemed received by Plaintiffs upon Plaintiffs' counsel's receipt of such delivery.

(b)    The remainder of the Settlement Amount shall be paid in Twenty Three (23) equal monthly installments as set forth below, due upon the 1st of each month. Defendants' payment obligations for such additional installments shall commence upon the 1st of the next month following Defendants' payment of the first installment of the Settlement Amount outlined in Paragraph 3(a) of this Agreement.   Venky's Food Corp. and Chilka shall collectively pay each monthly installment of the Settlement Amount described in this Paragraph 3(b) by issuing:

   i.   One (1) check payable to "Juventino Galeana Sanchez" in the gross amount of Two Hundred Sixty Five Dollars and Seventy Cents ($265.70), less all applicable tax withholdings and deductions, representing payment for Juventino Galeana Sanchez's alleged unpaid wages.

  ii.   One (1) check payable to "Juventino Galeana Sanchez" in the total amount of Five Hundred Thirty One Dollars and Forty Cents ($531.40), representing payment for Juventino Galeana Sanchez's alleged liquidated damages;

 iii.   One (1) check payable to "Victor Galeana Sanchez" in the gross amount of Two Hundred Sixty Five Dollars and Seventy Cents ($265.70), less all applicable tax withholdings and deductions, representing payment for Victor Galeana Sanchez's alleged unpaid wages.

  iv.   One (1) check payable to "Victor Galeana Sanchez" in the gross amount of Five Hundred Thirty One Dollars and Forty Cents ($531.40), representing payment for Victor Galeana Sanchez's alleged liquidated damages; and

v.  One (1) check payable to "Michael Faillace & Associates, P.C." in the total amount of Seven Hundred Ninety Seven Dollars and Ten Cents ($797.10), representing payment of Plaintiffs' attorneys' fees and costs.

vi.  All payments under this paragraph 3(b) shall be delivered to Plaintiffs' counsel, via overnight delivery for immediate deposit, at their offices located at 60 East 42nd Street, Suite 4510, New York, New York 10165, and shall be deemed received by Plaintiffs upon Plaintiffs' counsel's receipt of such delivery.

(c)  In the event of a breach of this Agreement by Venky's Food Corp. and Chilka for Plaintiffs' failure to timely receive the payments set forth in Paragraphs 3(a) through 3(b) of this Agreement, Plaintiffs, by their attorneys, shall send written notice of such breach by e-mail and first-class mail to Defendants' counsel, Kaufman Dolowich & Voluck, LLP, 135 Crossways Park Drive, Suite 201, Woodbury, New York 11797, Attn: Keith Gutstein, Esq.  Upon notice of such breach, Defendants shall have ten (10) business days to cure such breach.  If such breach is not cured within ten (10) business days, Plaintiffs shall be permitted to file the Affidavit of Confession of Judgment as discussed in paragraph 4 of this agreement, with the New York County Clerk and/or in a Court of competent jurisdiction located in the State of New York in the amount of Seventy Thousand Dollars and Zero Cents ($70,000.00), less any amounts previously paid by Venky's Food Corp. and/or Chilka pursuant to this Agreement.

4.  Concurrently with the execution of this Agreement, Chilka, on behalf of himself individually and on behalf of Defendant Venky's Food Corp., shall execute and deliver to

Plaintiffs' counsel an Affidavit of Confession of Judgment in the form annexed hereto as **Exhibit B**. The Parties hereby acknowledge and agree that the Affidavit of Confession of Judgment will be held in escrow by Plaintiffs' counsel, and will not be entered and/or filed at any time unless if Venky's Food Corp. and/or Chilka failed to cure any default in accordance with Paragraph 3(c) of this Agreement. The Parties further acknowledge and agree that the Affidavit of Confession of Judgment signed by Venky's Food Corp. and Chilka on August 29, 2018 is null and void as of the date in which the Affidavit of Confession of Judgment annexed hereto as Exhibit B is signed and will be discarded by Plaintiffs and Plaintiffs' counsel.

5.      Plaintiffs' counsel warrants that the Affidavit of Confession of Judgment described in Paragraph 4 of this Agreement will be null and void, annulled, and all copies will be discarded if and when Venky's Food Corp. and/or Chilka have collectively made all payments of the Settlement Amount as set forth in Paragraph 3 of this Agreement. In addition, Plaintiffs' counsel will return the original Affidavit of Confession of Judgment to counsel for Venky's Food Corp if and when Venky's Food Corp. and/or Chilka have collectively made all payments of the Settlement Amount as set forth in Paragraph 3 of this Agreement. The Affidavit of Confession of Judgment becoming null and void will have no effect on Venky's Food Corp.'s or Chilka's other obligations under this agreement nor constitute a waiver of Plaintiffs' rights to enforce this agreement as against Venky's Food Corp. and Chilka.

6.      Venky's Food Corp. and/or Chilka shall issue an IRS tax form W-2 for the portion of the Settlement Amount that constitutes wages and an IRS tax Form 1099 to Plaintiffs and Michael Faillace & Associates, P.C. for the remainder of the Settlement Amount. Plaintiffs agree to hold Venky's Food Corp. and Chilka harmless, and indemnify Venky's Food Corp. and Chilka from any payments Venky's Food Corp. and/or Chilka may be required to make to any taxing authority, as a result of the payment of the Settlement Amount.

7.      Plaintiffs promise and represent that they will each withdraw, with prejudice, any and all outstanding lawsuits, demands, actions, complaints, and/or claims of alleged violations of the Fair Labor Standards Act, New York Labor Law, or any other law, regulation, or ordinance regulating the payment of wages (together "Wage and Hour Violations") concerning Plaintiffs' employment with any of the Releasees, filed with any federal, state and local agencies/administrative body or any judicial forum against any of the Releasees. Plaintiffs further agree that they will not file any administrative or judicial complaints, charges, lawsuits, claims, demands or actions of any kind against any of the Releasees relating to any alleged Wage and Hour Violations that took place at any time, from the beginning of time until the date of this Agreement, as they acknowledge no valid basis for filing such a claim. In the event any such complaints, charges, lawsuits, claims, demands or actions are not withdrawn due to circumstances beyond the control of Plaintiffs, Plaintiffs promise and represent that they will not voluntarily testify, give evidence or otherwise participate or cooperate in any investigation or other proceeding connected with or resulting from any such complaints, charges, lawsuits, claims, demands or actions, and that Plaintiffs will execute such papers or documents as the requesting party determines may be necessary to have said complaint, charge, lawsuit, claim, demand or action dismissed with prejudice. Nothing herein shall prevent Plaintiffs from filing a charge of discrimination with, or cooperating with an investigation by the EEOC.

8.      Plaintiffs acknowledge that they have each received sufficient consideration as set forth in this Agreement. Plaintiffs expressly acknowledge that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein, including but not limited to those terms and provisions relating to unknown or unsuspected rights, claims, demands and causes of action, if any, to the same effect as those terms and provisions relating to any other claims, demands or causes of action herein specified.

9.      Plaintiffs each acknowledge that aside from the payments set forth in Paragraph 3 of this Agreement, they are owed no further remuneration or accrued benefit time by Releasees whatsoever, including, but not limited to any wages, commissions, spread of hours pay, tips, overtime pay, vacation or sick pay, accrued benefits, reimbursement for equipment costs, or bonuses.

10.     Plaintiffs and Subhash Chilka agree to keep the terms of this Agreement STRICTLY CONFIDENTIAL.  This Paragraph 10 does not apply to any terms of this Settlement Agreement relating to the payment of wages.  Plaintiffs and Subhash Chilka may disclose the terms of this Agreement solely to their spouse, attorney(s), or financial advisor(s) for tax purposes or financial planning.  Said spouse, attorney(s) and financial advisor(s) shall also be obligated to keep the terms of this Agreement confidential.  In addition, Subhash Chilka may disclose the terms of this Agreement as required by business necessity.  Plaintiffs and Subhash Chilka may also disclose the existence and terms of the Settlement Agreement in an action to enforce the Settlement Agreement, or as otherwise required by law.  Any breach of this confidentiality provision by Plaintiffs, Subhash Chilka, or said individuals shall constitute a material breach of this Agreement.

11.     Plaintiffs each agree that they shall not make any: (a) statement, written, oral or electronic, which in any way disparages any Releasee, any employee Plaintiffs know to be employed by any Releasee, any Releasee's workplace, or any Releasee's business practices; or (b) negative statement, written, oral or electronic, about any Releasee, any employee Plaintiffs know to be employed by any Releasee, any Releasee's workplace, or any Releasee's business practices. Plaintiffs each further agree to take no action which is intended, or would reasonably be expected, to harm any Releasee, or their reputations or which would reasonably be expected to lead to unwanted or unfavorable publicity to any Releasee.  In addition, Chilka agrees that he shall not make any: (a) statement, written oral or electronic, which in any way disparages any of the

Plaintiffs; or (b) negative statement, written, oral or electronic about any of the Plaintiffs. Chilka also agrees to take no action which is intended, or would reasonably be expected, to harm any of the Plaintiffs, or their reputations or which would reasonably be expected to lead to unwanted or unfavorable publicity to any of the Plaintiffs. Notwithstanding the provisions of this Paragraph 11, Plaintiffs and Chilka shall each be entitled to provide truthful statements about their experience litigating this Action, about Plaintiffs' claims in this Action, and about the resolution of this Action.

12.    The Parties agree that, in an action arising from any alleged breach by any Party concerning any provision of this Agreement, in addition to any remedies available to Plaintiff and/or the Releasees in law or equity for a breach thereof, the prevailing party (including any Releasee) shall be entitled to receive reasonable attorney's fees and costs.

13.    Plaintiffs each affirm that they are not a Medicare or Medicaid Beneficiary (defined as any claimant for whom Medicare has paid Conditional Payments for the treatment of injuries arising out of or related to any matter released by this Agreement) as of the date of this Agreement and no conditional payment has been made to or on Plaintiffs' behalf by Medicare or Medicaid.

14.    Plaintiffs further represent that they are not enrolled in a Medicare program and were not enrolled at the time of their employment with Releasees or anytime thereafter through the date of this Agreement. Plaintiffs further represent and warrant that no Medicaid payments have been made to or on behalf of Plaintiffs and that no liens, claims, demands, subrogated interests, or causes of action of any nature or character exist or have been asserted arising from Plaintiffs' employment with Releasees. Plaintiffs further agree that they, and not Releasees, shall be responsible for satisfying all such liens, claims, demands, subrogated interests, or causes of action that may exist or have been asserted or that may in the future exist or be asserted. In the event any action is commenced whereby any Releasee is pursued for payment in connection with the position

of any of the Plaintiffs as a Medicare or Medicaid beneficiary, Plaintiffs agree to indemnify Releasees and hold Releasees harmless in full.

15.    The Parties acknowledge that this Agreement does not constitute an admission by Venky's Food Corp. and/or Chilka of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions, or any other possible or claimed violation of law or rights, or an admission by Venky's Food Corp. and/or Chilka that Plaintiffs' claims have merit.

16.    This Agreement shall not be interpreted in favor of or against either party on account of such party's counsel having drafted this Agreement.

17.    Plaintiffs acknowledge that they have not divested, hypothecated, or otherwise bargained away any interest they possess in their purported claims.  Plaintiffs acknowledge and represent that they know of no other person or entity that holds a remunerative interest in any plausible legal claims they could assert, and Plaintiffs acknowledge and represent that there are no other persons or entities with standing to bring any plausible legal claims that could have been asserted by Plaintiffs.

18.    The Parties agree that they shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement.

19.    This Agreement contains all the terms and conditions agreed upon by the Parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Agreement shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

20.    The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provisions of this Agreement, which shall remain in full force and effect.

21.     This Agreement may only be modified, altered or changed in writing, signed by the Parties.

22.     This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law.  The Parties agree any Court of competent jurisdiction within the State of New York will have jurisdiction over this Agreement.

23.     This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument.   In addition, any scanned copies or facsimiled copies of this Agreement executed in any number of counterparts shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument.  All other notices and documents set forth herein shall be delivered to: counsel for Venky's Food Corp. and Chilka, Keith Gutstein, Esq., Kaufman Dolowich & Voluck, LLP, 135 Crossways Park Drive, Suite 201, Woodbury, New York 11797, (516) 681-1100, facsimile (516) 681-1101, kgutstein@kdvlaw.com; and counsel for Plaintiffs, Michael Faillace, Esq., Michael Faillace & Associates, P.C., 60 East 42nd Street, Suite 4510, New York, New York 10165, (212) 317-1200, facsimile (212) 317-1620, michael@faillacelaw.com.

23.     This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument.  In addition, any scanned copies or facsimiled copies of this Agreement executed in any number of counterparts shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument.  All other notices and documents set forth herein shall be delivered to: counsel for Venky's Food Corp. and Chilka, Keith Gutstein, Esq., Kaufman Dolowich & Voluck, LLP, 135 Crossways Park Drive, Suite 201, Woodbury, New York 11797, (516) 681-1100, facsimile (516) 681-1101, kgutstein@kdvlaw.com; and counsel for Plaintiffs, Michael Faillace, Esq., Michael Faillace & Associates, P.C., 60 East 42nd Street, Suite 4510, New York, New York 10165, (212) 317-1200, facsimile (212) 317-1620, michael@faillacelaw.com.

**IN WITNESS WHEREOF**, Plaintiffs, Venky's Food Corp., and Chilka have duly executed this Amended Settlement and General Release Agreement freely and voluntarily.

_____
Juventino Galeana Sanchez

STATE OF NEW YORK          )
                           )s.s.
COUNTY OF _____  )

On _JANUARY 3rd_ , 2019, before me personally came Juventino Galeana Sanchez, to me known, and known to me to be the individual described in, and who executed the foregoing Amended Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

MARIA J. CEDENO MASSINELLI
NOTARY PUBLIC State of New York
Registration #01CE6332862
Qualified In Nassau County
Commission Expires Nov. 9, 2019

_____
Victor Galeana Sanchez

STATE OF NEW YORK          )
                           )s.s.
COUNTY OF _____  )

On _JANUARY 3rd_ , 2019, before me personally came Victor Galeana Sanchez, to me known, and known to me to be the individual described in, and who executed the foregoing

Amended Settlement and Release Agreement, and duly acknowledged to me that he executed the
same.

_____
NOTARY PUBLIC

MARIA J CEDENO CASSINELLI
Notary Public, State of New York
Registration #01CE6332862
Qualified in Nassau County
Commission Expires Nov. 9, 2019

_____
Venky's Food Corp. (d/b/a OM Real Indian Food Restaurant)
By:
Title:

STATE OF NEW YORK            )
                             )s.s.
COUNTY OF _____)


On _____, 2018, before me personally came _____ who
acknowledged himself/herself to be a _____ of Venky's Food Corp. (d/b/a OM
Real Indian Food Restaurant), and that he/she, as such, being authorized so to do, executed the
foregoing Amended Settlement and Release Agreement for the purposes therein contained, by
signing his/her name for Venky's Food Corp. (D/B/A OM Real Indian Food Restaurant).



_____
NOTARY PUBLIC


_____
Subhash Chilka

STATE OF NEW YORK            )
                             )s.s.
COUNTY OF _____)

On _____, 2018, before me personally came Subhash Chilka, to me
known, and known to me to be the individual described in, and who executed the foregoing Amended
Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

13

**IN WITNESS WHEREOF**, Plaintiffs, Venky's Food Corp., and Chilka have duly executed this Amended Settlement and Release Agreement freely and voluntarily.

_____
Juventino Galeana Sanchez

STATE OF NEW YORK                    )
                                                          )s.s.
COUNTY OF _____)

      On _____, 2018, before me personally came Juventino Galeana Sanchez, to me known, and known to me to be the individual described in, and who executed the foregoing Amended Settlement and Release Agreement, and duly acknowledged to me that he executed the same.
_____
NOTARY PUBLIC

_____
Victor Galeana Sanchez

STATE OF NEW YORK                    )
                                                          )s.s.
COUNTY OF _____)

      On _____, 2018, before me personally came Victor Galeana Sanchez, to me known, and known to me to be the individual described in, and who executed the foregoing Amended Settlement and Release Agreement, and duly acknowledged to me that he executed the same.
_____
NOTARY PUBLIC

_____
Venky's Food Corp. (d/b/a OM Real Indian Food Restaurant)
By: _SUBHASH CHILKA_
Title: _PRESIDENT_

STATE OF NEW YORK        )
                         )s.s.
COUNTY OF _Queens_       )

On _01/4/_, 2018, before me personally came _Chika Subash. N_ who
acknowledged himself/herself to be a _____ of Venky's Food Corp. (d/b/a OM
Real Indian Food Restaurant), and that he/she, as such, being authorized so to do, executed the
foregoing Amended Settlement and Release Agreement for the purposes therein contained, by
signing his/her name for Venky's Food Corp. (D/B/A OM Real Indian Food Restaurant).


_____
NOTARY PUBLIC

SAMIR SUTARIA
Notary Public, State of New York
No. 01SU6105636
Qualified in Nassau County
Commission Expires Feb. 25, 20__


_____
Subhash Chilka

STATE OF NEW YORK        )
                         )s.s.
COUNTY OF _Queens_       )

On _01/4/_, 2018, before me personally came Subhash Chilka, to me
known, and known to me to be the individual described in, and who executed the foregoing
Amended Settlement and Release Agreement, and duly acknowledged to me that he executed the
same.


_____
NOTARY PUBLIC

SAMIR SUTARIA
Notary Public, State of New York
No. 01SU6105636
Qualified in Nassau County
Commission Expires Feb. 25, 20__


14

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JUVENTINO GALEANA SANCHEZ and                Case No.: 18-cv-01916 (RA)
VICTOR GALEANA SANCHEZ, individually and
on behalf of others similarly situated,

                    Plaintiffs,                **JOINT STIPULATION FOR
                                                       DISMISSAL WITH PREJUDICE**

     -against-

VENKY'S FOOD CORP. (D/B/A OM REAL
INDIAN FOOD RESTAURANT) and RITA
SABHARWAL,

                    Defendants.
------------------------------------------------------------X

       **IT IS HEREBY STIPULATED AND AGREED**, by and between Plaintiffs in the above

captioned action and Venky's Food Corp. (d/b/a OM Real Indian Food Restaurant) through their

undersigned counsel that, whereas no party hereto is an infant or incompetent person for whom a

committee has been appointed, and no person not a party has an interest in the subject matter of the

action, in accordance with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the

Complaint in the above-captioned action and all claims alleged therein be dismissed with prejudice,

with each party to bear their own fees and costs.

16

**IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be executed in counterparts with scanned PDF or facsimile signatures treated as originals.

Dated: ___1/4/_____, 20~~19~~ 2019        Dated: January 4, 2019

MICHAEL FAILLACE & ASSOCIATES, P.C.    KAUFMAN DOLOWICH & VOLUCK, LLP
*Attorneys for Plaintiffs*                *Attorneys for Venky's Food Corp. (d/b/a OM Real Indian Food Restaurant)*

By: _____          By:_____
~~Haleigh Amant, Esq.~~                     Keith Gutstein, Esq.
60 East 42nd Street, Suite 4510            Matthew Cohen, Esq.
New York, New York 10165                135 Crossways Park Drive, Suite 201
(212) 317-1200                          Woodbury, New York 11797
hamant@faillacelaw.com                  (516) 681-1100
                                        kgutstein@kdvlaw.com
                                        mcohen@kdvlaw.com

**SO ORDERED:**


_____
Hon. Ronnie Abrams, U.S.D.J.

17

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
-------------------------------------------------------------------X
JUVENTINO GALEANA SANCHEZ and VICTOR                          **Index No:**
GALEANA SANCHEZ, individually and on behalf of
others similarly situated,

                        **Plaintiffs,**

    v.

VENKY'S FOOD CORP. (D/B/A OM REAL INDIAN
FOOD RESTAURANT) and RITA SABHARWAL,

                        **Defendants.**
-------------------------------------------------------------------X

## AFFIDAVIT OF CONFESSION OF JUDGMENT

STATE OF NEW YORK       )
                           )   ss.:
COUNTY OF _QUEENS_    )

I, SUBHASH CHILKA, being duly sworn, deposes and says:

    1.    I reside at _37-10 34th AVE, APT# 4D_ JACKSON HEIGHTS NY

    2.    I am an owner of Venky's Food Corp. (d/b/a OM Real Indian Food Restaurant) ("Venky's Food Corp."), a Defendant in the above-entitled action. I am duly authorized to make this Affidavit of Confession of Judgment on behalf of Venky's Food Corp.

    3.    Venky's Food Corp. maintains its principal place of business at 1593 2nd Avenue, New York, New York 10028.

    4.    On June 12, 2018, Venky's Food Corp. agreed to pay the total sum of Sixty Five Thousand Dollars and Zero Cents ($65,000.00) (the "Settlement Amount") in exchange for the dismissal with prejudice of the action in the United States District Court for the Southern District of New York titled *Juventino Galeana Sanchez and Victor Galeana Sanchez, individually and on behalf of others similarly situated v. Venky's Food Corp. (d/b/a OM Real Indian Food Restaurant) and Rita Sabharwal* (Case No. 18-cv-01916 (RA)).  In furtherance of same, Juventino Galeana

Sanchez and Victor Galeana Sanchez (collectively the "Plaintiffs") on the one hand, and Venky's Food Corp. and myself, on the other hand, executed the Amended Settlement and Release Agreement (the "Agreement"), attached hereto as Exhibit A.

5.      This Affidavit of Confession of Judgment is for a debt justly due to Plaintiffs under the terms of the Agreement, which provides that Venky's Food Corp. and myself are to collectively submit a total sum of Sixty Five Thousand Dollars and Zero Cents ($65,000.00) to Plaintiffs which is payable over a period of twenty four (24) months as set forth in the Agreement.

6.      Under the terms of the Agreement, if Venky's Food Corp. and I are in default in the payment of any of the installments of the settlement payment identified in the Agreement, Plaintiffs shall provide ten (10) business days' written notice to Venky's Food Corp. and myself, in accordance with the notice provision set forth in Paragraph 23 of the Agreement, of their intent to file this Affidavit for Judgment by Confession with the clerk of any court of competent jurisdiction. Venky's Food Corp. and myself shall have ten (10) business days to remedy their default. If, and only if, Venky's Food Corp. and/or myself fails to remedy their default during this ten (10) business day time period, in addition to the Settlement Amount, Plaintiffs shall be entitled to a total of Five Thousand Dollars and Zero Cents ($5,000.00) in liquidated damages collectively from Venky's Food Corp. and myself.

7.      If I and/or Venky's Food Corp. fails to remedy its default within ten (10) business days of the sending of such notice to cure, I hereby authorize the entry of this Affidavit for Judgment by Confession to be filed in the Supreme Court of New York, New York County, and further authorize judgment against Venky's Food Corp., and myself, jointly and severally, in the amount of Seventy Thousand Dollars and Zero Cents ($70,000.00), less any payments made by Venky's Food Corp. and/or myself under the Agreement.

8.      Pursuant to the Agreement, the Affidavit of Confession of Judgment signed by Venky's Food Corp. and myself on August 29, 2018 is hereby null and void as of the date in which this Affidavit of Confession of Judgment is signed.

9.      This Affidavit of Confession of Judgment is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Venky's Food Corp. and myself, including, without limitation, the terms and provisions of the Agreement.

10.    This Affidavit for Judgment by Confession shall be null and void upon full payment of the Settlement Amount collectively by Venky's Food Corp and/or myself.

_____

Venky's Food Corp. (d/b/a OM Real Indian Food Restaurant)
By: SUBHASH CHILKA
Title: PRESIDENT

STATE OF NEW YORK            )
                             )s.s.
COUNTY OF ___Queens___       )

On ___01|4|19___ , 2018, before me personally came ___Clika, Subash M___ who acknowledged himself to be a _____ of Venky's Food Corp. (d/b/a OM Real Indian Food Restaurant), and that he, as such, being authorized so to do, executed the foregoing Affidavit of Confession of Judgment for the purposes therein contained, by signing his name for Venky's Food Corp. (d/b/a OM Real Indian Food Restaurant).

_____

NOTARY PUBLIC

_____

Subhash Chilka

STATE OF NEW YORK            )
                             )s.s.
COUNTY OF ___Queens___       )

On ___01|4|19___ , 2018, before me personally came Subhash Chilka, to me known, and known to me to be the individual described in, and who executed the foregoing Affidavit of Confession of Judgment, and duly acknowledged to me that he executed the same.

_____

NOTARY PUBLIC

21